CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 14 2019

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:18cr00035 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| BRIAN WALTER MARTIN, | ) | By: Hon. Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

In the trial of this matter, the government seeks to introduce evidence of Defendant Brian Martin's prior conviction for possession of a firearm by a felon; Defendant objects.[1] Because the evidence will be offered for a purpose other than to show Defendant's bad character or propensity for illegal conduct, the government will be permitted to introduce the evidence.

According to Federal Rule of Evidence 404(b), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The rule goes on to state, however, that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). It is well-established that the listed purposes in Rule 404(b)(2) for introduction of such evidence "is illustrative rather than exclusionary." United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). "In fact, by its own terms, Rule 404(b) expressly *only* excludes evidence of other crimes, wrongs, or acts when it is used to prove a defendant's bad character or to 'show action in conformity therewith.'" United States v. Grimmond, 137 F.3d 823, 831 (4th Cir. 1998) (quoting a prior version of Rule 404(b)) (emphasis added). Accord Powers, 59 F.3d at 1464 (recognizing "Rule 404(b) as an inclusive rule,

---

[1] The government filed a Notice of Intent to use Rule 404(b) evidence [ECF No. 114], and Defendant filed responses in opposition [ECF Nos. 117 & 122]. Neither party filed a motion *in limine* regarding the evidence in question.

admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition" (internal quotation marks omitted)).

Here, Defendant is charged with possession of a firearm by a felon. See 18 U.S.C. § 922(g)(1). Defendant contends the only point at issue is whether he "possessed" the firearm on the date in question. To that end, evidence of his prior possession of a firearm is relevant to show absence of mistake or lack of accident. See United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997) (holding that 404(b) evidence must be "relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant," and "[t]he act must be necessary in the sense that it is probative of . . . an element of the offense"); Grimmond, 137 F.3d at 831 (noting that 18 U.S.C. § 922(g) has, as an element of the offense, "possession of a firearm"). Evidence that Defendant possessed a firearm in the past is admissible because, "'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" United States v. Brown, 398 F. App'x 915, 917 (4th Cir. 2010) (unpublished) (per curiam) (quoting United States v. Cassell, 292 F.3d 788, 793 (D.C. Cir. 2002)); see also United States v. Stewart, 628 F. App'x 179, 182 (4th Cir. 2015), cert. denied 136 S. Ct. 1227 (2016) (holding that the district court did not abuse its discretion in admitting evidence of defendant's two prior convictions for being a felon in possession of a firearm in a prosecution for a felon in possession); United States v. Trent, 443 F. App'x 860, 863 (4th Cir. 2011); United States v. Comstock, 412 F. App'x 619, 624 (4th Cir. 2011); United States v. Teague, 737 F.2d 378, 381 (4th Cir. 1984); United States v. McDonald, 211 F. App'x 222, 225 (4th Cir. 2007); United States v. Brown, No. 7:18cr49, 2019 WL 1371860, at *6 (W.D. Va. March 26, 2019). Accord United States v. Jernigan, 341 F.3d 1273,

1281 (11th Cir. 2003) ("Indeed, the caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental.").

To be sure, the evidence the government seeks to introduce *could* be viewed as evidence of propensity to carry a firearm. But when the evidence is capable of both relevant and irrelevant interpretations, the proper course for the court is not necessarily to exclude the evidence. Rather, an appropriate limiting instruction is proper to ensure that evidence is received only for proper purposes. See Queen, 132 F.3d at 997. It is only when the prejudicial nature of the evidence outweighs its probative value that the evidence should be excluded. See Fed. R. Evid. 403; Queen, 132 F.3d at 997 (noting that the probative value evidence offered under Rule 404(b) "must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process").

United States v. Queen sets out a list of four considerations to determine whether prior acts are admissible under Rule 404(b):

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

Queen, 132 F.3d at 997. The evidence the government seeks to introduce qualifies under these factors. First, a prior conviction for possession of a firearm by a felon is relevant to an element of the offense with which Defendant is charged—specifically, knowing possession. Second,

Defendant's knowing possession of a firearm on the night in question is the *sine qua non* of the charge levied against him, and thus his prior conviction is relevant in that sense. Third, there is no dispute as to the reliability of the evidence, and finally, the evidence's probative value outweighs any prejudice. Insofar as the evidence will engender some prejudice against Defendant, the court will give an appropriate limiting instruction to the jury.

After the hearing on this matter, Defendant filed a second objection to the government's Rule 404(b) notice, objecting to introduction of evidence that marijuana was found on Defendant's person during his arrest.[2] That evidence, however, is part of the *res gestae* of the crime and is properly admitted for that purpose. See United States v. Masters, 622 F.2d 83, 86 (4th Cir. 1980) ("One of the accepted bases for the admissibility of evidence of other crimes arises when such evidence 'furnishes part of the context of the crime' or is necessary to a 'full presentation' of the case, or is so intimately connected with and explanatory of the crime charges against the defendant and is so much a part of the setting of the case and its 'environment' that its proof is appropriate in order 'to complete the story of the crime on trial by proving its immediate context or the res gestae' or the 'uncharged offense is so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other . . . ' (and is thus) part of the res gestae of the crime charged." (internal citations omitted)); United States v. Roy, No. 88-5178, 1989 WL 87654, at *1 (4th Cir. July 31, 1989) (unpublished) (per curiam) (noting that *res gestae* evidence "is simply one category of 404(b) evidence"). "And where evidence is admissible to prove this 'full presentation' of the offense, '(t)here is no reason to fragmentize the event under inquiry' by suppressing parts of the 'res gestae.'" Id. (internal citations omitted). Accordingly, evidence of the marijuana found on

---

[2] Defendant was arrested for public intoxication, and both a firearm and marijuana were allegedly found on his person during a search incident to arrest.

Defendant's person during his arrest will be admitted, and the court will give an appropriate limiting instruction regarding proper consideration of that evidence.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered: November 14, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge